[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 7, 2005
THOMAS K. KAHN
CLERK

No. 04-14686
Non-Argument Calendar

_____

D. C. Docket No. 04-20168-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO AMILCAR MENDEZ-ORTIZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 7, 2005)

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Roberto Amilcar Mendez-Ortiz appeals his 46-month sentence imposed after

he pleaded guilty to one count of illegal reentry of a previously deported alien, a violation of 8 U.S.C. sections 1326(a) and (b)(2). At sentencing, Mendez-Ortiz raised an objection under Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004). On appeal, Ortiz argues that because the district court considered the Sentencing Guidelines to be mandatory, he should be re-sentenced in the light of United States v. Booker, 543 U.S. ___, 125 S.Ct. 738 (2005). Because the district court stated during sentencing that it would impose the same sentence even if the Guidelines were held unconstitutional, the error of applying advisory Guidelines as mandatory was harmless, and we affirm Mendez-Ortiz's sentence.

The district court erred under Booker by treating the Sentencing Guidelines as mandatory when it sentenced Mendez-Ortiz. United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005). This is the only error Mendez-Ortiz raises on appeal. Because the error of the district court was non-constitutional, however, our review for harmless error is less stringent:

> A non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect. If one can say with fair assurance that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error.

United States v. Mathenia, ___ F.3d ___, 2005 WL 1201455, at *2 (11th Cir. May 23, 2005) (internal quotations and citations omitted). As it was imposing sentence,

2

the district court stated that it imposed "as an alternative sentence, in the event that the Federal Sentencing Guidelines are found to be unconstitutional, also a 46-month sentence because the Court believes a 46-month sentence is most appropriate under the circumstances in light of the defendant's criminal history." Because the district court would have imposed the same sentence if the Guidelines were not mandatory, the statutory error was harmless.

**AFFIRMED.**